IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND ALFORD BRADFORD,

    Petitioner,                    No. CIV S-06-0876 LKK KJM P

    vs.

JEANNE WOODFORD, et al.,

    Respondents.               ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an action, using the form for a writ of habeas corpus under 28 U.S.C. § 2254.  He has not paid the filing fee nor filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

        It appears petitioner is complaining about inadequate medical care stemming from a failure to diagnose his phlebitis and deep vein thrombosis and an improper psychiatric diagnosis based on perceived malingering with regard to his medical condition.  Such a claim does not implicate his continued custody, which is a prerequisite for maintaining a habeas corpus action.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  While such a claim may form the basis for a civil rights action, the court notes that plaintiff has "struck out" within the meaning of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).  See Bradford v. Terhune, Civ. No. S-02-1859 FCD GGH P.  Accordingly, any claim of inadequate medical care should not be

included in any amended habeas petition.

Petitioner also complains that as a result of the improper psychiatric diagnosis, he was housed in various psychiatric units and the security housing unit, where he received 250 disciplinary write-ups and the consequent loss of credit against his sentence. He also claims he was not provided a staff assistant.

The court cannot determine whether these claims are an appropriate basis for habeas relief or even whether they are properly heard in this district or this division of the Eastern District. Petitioner may not rely on a blanket assertion that all his hearings were tainted by either his improper psychiatric diagnosis or the lack of a staff assistant, but rather must provide sufficient detail for the court to determine whether petitioner's constitutional rights were violated in connection with a specifically described hearing. Jones v. Gomez, 66 F.3d 199, 205 (9th Cir. 1995).

Good cause appearing, IT IS HEREBY ORDERED that:

1. The action is dismissed.

2. Petitioner may file an amended petition within thirty days of the date of this order, accompanied by a request to proceed in forma pauperis or the filing fee. Petitioner's failure to comply with this order will result in a recommendation that the action be dismissed.

3. The Clerk of the Court is directed to send petitioner a habeas corpus application form.

DATED: July 11, 2006.

UNITED STATES MAGISTRATE JUDGE

2
brad0876.ord